■ Fleetash Realty Company, Inc., Appellant, v. Mount Vernon Contracting Corp. et al., Respondents.— Action by a property owner against August Severio Construction Co., Inc., an adjoining property owner, Mount Vernon Contracting Corp., the contractor employed by Severio, and Jerry Galente, an employee of Mount Vernon, to recover damages for injury to property alleged to have been caused by blasting (first and second causes of action) and against Mount Vernon on its bond furnished to the City of Mount Vernon as a prerequisite for obtaining a permit to blast within said city (third, fourth and fifth causes of action) and against Mount Vernon on its agreement with Severio to pay for loss of or damage to property arising from construction work on Severio's property (sixth cause of action). The court, before which the action was tried without a jury by consent of the parties, dismissed the complaint as to all defendants. The appeal is from the judgment entered thereon. By order of this court dated November 6, 1957 the appeal was discontinued as to Severio. Judgment insofar as appealed from unanimously affirmed, with costs to respondent Mount Vernon Contracting Corp., payable by appellant. Present — Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.

■ In the Matter of Freda K. Berger et al., Appellants, against Henry A. Dumper, as Building Inspector of the Incorporated Village of Roslyn Estates, Respondent.— In a proceeding pursuant to article 78 of the Civil Practice Act for an order directing respondent to issue a permit for the erection of a business building in a district classified as residential under the local zoning ordinance, the appeal is from the order denying the application. Order unanimously affirmed, with $10 costs and disbursements. No opinion. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ.

■ In the Matter of the Probate of the Will of Bertha C. Ludlam, Deceased. Bertha L. Uhlendorf et al., Respondents; El Rena L. Schoelles, Appellant.— Appeal by the contestant from a decree of the Surrogate's Court, Nassau County, denying a motion to open her default suffered on February 6, 1957, and admitting the will to probate. Decree unanimously affirmed, with costs, payable by the contestant personally. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ.

■ In the Matter of Se-Frank Developers, Inc., Appellant, against John Gibson et al., Constituting the Planning Board of the Town of Islip, in the County of Suffolk, Respondents.— Proceeding pursuant to article 78 of the Civil Practice Act, commenced by notice of motion dated September 6, 1956, to review a determination of the Planning Board of the Town of Islip, Suffolk County, which determination disapproved petitioner's plat of subdivided land for a housing development (Town Law, §§ 276–277) because of failure to provide for water mains and a stabilized road surface. The Special Term, by decision dated October 8, 1956, denied the application and confirmed the determination. No order to carry into effect only that decision is printed in the record. By notice of motion dated November 28, 1956 petitioner moved for reargument (in reality for leave to renew on additional papers). By decision dated February 14, 1957 the Special Term denied that motion. The petitioner appeals from an order dated February 14, 1957 which recites that both " Notices of Motion " are denied. Order modified by striking therefrom the ordering paragraph and by substituting therefor provisions to the effect that the proceeding be dismissed and the determination of the Planning Board be confirmed, and that the motion be denied. As so modified, order unanimously affirmed, without costs. We agree with the determination of the Special Term. Modification is necessary merely to correct the wording of the order. Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ.