Robert Doscher, J.
Plaintiffs bring this action for a judgment declaring unconstitutional and void an amendment adopted on August 12, 1952 amending the Building Zone Ordinance of the defendant Town of Mount Pleasant.
In July, 1950, while the Building Zone Ordinance made no area provisions for dwellings, plaintiff Murwood Estates, Inc., acquired title to the premises in question, together with other premises fronting on Stevens Avenue. Upon acquiring said title, it conveyed to plaintiff Mellis (a related corporation) the interior portion of the premises which was not covered by a purchase-money mortgage. Between the time of the acquisition of the property and the enactment of the amendment here attacked, there were erected and sold two dwellings, each at a price of $26,000, or more, and two lots containing 10,000 square feet each. Both the houses and the lots faced on Stevens Avenue, an improved street with utilities.
In August, 1952, the defendant town amended its Building Zone Ordinance and, for the first time, placed area limitations on residence parcels. One zone required 20,000 square feet per parcel and the other required 40,000 square feet. Plaintiffs’ property was placed in the less restricted zone.
Plaintiffs’ claim of illegality and unconstitutionality is based upon two factors. The first of these is concerned with the property surrounding the subject premises on three sides and the latter is concerned with the reasonable useableness of the property with the present area limitations.
The subject property is surrounded on the north by a business office zone (requiring a rather deep set back), on the east by a 20,000 square foot residence zone; on the south by a development almost wholly built; and on the west by a 20,000 square foot residence zone now used as a convalescent home for children. When the amendment placing the subject property in a 20,000 square foot zone was duly adopted, a presumption of validity attached to it (Matter of Wulfsohn v. Burden, 241 N. Y. 288). It is now definitely settled that a zoning ordinance may be amended without proof of mistake in the original ordinance or change in the character of the property involved (Levitt v. Incorporated Village of Sands Point, 6 A D 2d 701). Building zones must begin and end at definite places and hence abut other zones. The decision on these matters rests with the legislative body and should not be disturbed unless the judgment and determination of that body be shown to be arbitrary (Rodgers v. Village of Tarrytown, 802 N. Y. 115). Even if the legislative classification is fairly debateable, it will not be disturbed (Euclid *856 v. Ambler Co., 272 U. S. 365). The courts are not empowered to substitute their judgment for that of the legislative body. Moreover, the burden of proving arbitrariness or capriciousness rests with those that attack an ordinance. (Shepard v. Village of Skaneateles, 300 N. Y. 115.)
In the ease at bar, the burden of proof has not been sustained. While plaintiffs may have intended to develop the entire parcel in 10,000 square foot lots, they failed to file a map to that effect. If they wanted to gamble by saving taxes, they have lost any advantage such map may have given them. The record also indicates a better sales position of houses after the adoption of the amendment than before.
Much of plaintiffs’ case is predicated on the cost of off lot improvements and the relation of total land cost to selling price of dwellings. However, the foundation for this position is set in quicksand. Adamantly refusing to budge from a road layout that would require lots, as now zoned, to have 200 foot frontage where the ordinance only required 100 feet, it is apparent that the off lot improvement cost was inflated. Such inflated cost would affect the entire situation.
This court is not satisfied that the plaintiffs, by a fair preponderance of the credible evidence, have sustained their claim that they cannot reasonably use their land for the purpose, and in the manner zoned.
Complaint dismissed. Settle judgment on notice.