Bernard F. McCaffrey J.
The petitioner herein, fee owner of certain real property consisting of 37.2 acres situated between Horseblock Road and Mooney Pond Road at Farming-ville, Town of Brookhaven, Suffolk County, seeks judgment, pursuant to CPLR article 78, directing the respondents to approve a proposed subdivision map without the requirement of any cash contributions in lieu of the installation of lateral sewer lines in peripheral public roads, and a decree that section 277 (subd 5, par [d]) of Town Law and the policies and regulations promulgated thereon are unconstitutional.
The court notes that although the petitioner requests relief relative to section 277 (subd 5, par [d]), the revision of said statute and the consequent renumbering of the subdivisions thereof, direct a change of reference to the new paragraph [a] of subdivision 5.
The court further notes that certain aspects of this matter were brought before Mr. Justice Frank X. Altimari, and resulted in an order dated September 9, 1975. However, since by further order dated February 5, 1976, Mr. Justice Altimari recalled and vacated his prior order in its entirety, this court will conduct its inquiry and determination de novo.
*1015 Subdivision 5 of section 277 of the Town Law provides in pertinent part: "(a) In the county of Suffolk, when the county department of environmental control or the health department shall have directed that disposal of sewage from the plat shall be provided for by a communal sewerage system, consisting of a treatment plant and collection system, then the Suffolk county sewer agency shall determine, specify and direct the means and method by which the aforesaid system shall be best provided by and at the expense of the developer. Among the alternative means and methods the Suffolk county sewer agency may direct, shall be, (i) that the developer, at its own cost and expense, install, build and construct such system according to such plans, specifications, conditions and guarantees as may be required by the Suffolk county sewer agency, and upon satisfactory completion thereof, the developer shall dedicate and donate same, without cost to the Suffolk county sewer agency, or its nominee and the developer shall also petition to form a county district, but if the Suffolk county sewer agency shall determine that a suitable complete communal sewerage system of adequate size cannot be properly located in the plat or is otherwise not practical, then, (ii) the developer shall install, build and construct temporary cesspools or septic tanks together with a sewage collection system according to such plans, specifications, conditions and guarantees as may be required by the Suffolk county sewer agency, and upon satisfactory completion thereof, the developer shall dedicate and donate same, without cost, to the Suffolk county sewer agency or its nominee, and in addition thereto, the agency may also require the payment to the Suffolk county sewer agency of a sum of money in an amount to be determined by the Suffolk county sewer agency, and the developer shall also petition to form a county district, or (iii) the developer shall install, build and construct temporary cesspools or septic tanks and in addition thereto, shall pay to the Suffolk county sewer agency, a sum of money in an amount to be determined by the Suffolk county sewer agency and the developer shall also petition to form a county district, or (iv) the developer shall provide such other means and methods or combination thereof as the Suffolk county sewer agency may determine, specify and direct.”
The petitioner submitted a proposed 52-lot subdivision map of the subject property to the respondents, pursuant to the above statute. The respondents, by resolution, directed the *1016 petitioner, in addition to the provision of required cesspools, to install, build and construct dry lateral sewer lines in the streets located within the plot, to make a cash contribution for the future construction of a sewage treatment plant, and to make a further cash contribution in lieu of the installation, building and construction of lateral sewer lines in Mooney Pond Road and Horseblock Road. It is this last requirement which is the subject of this petition.
The petitioner contends that, since all lots in the subdivision can be served by lateral sewer lines in the interior streets located within the proposed subdivision, said lots will thus receive no benefit from the cash contributions in lieu of lateral sewérs in the peripheral streets, and the construction of such exterior lines is unnecessary. It is further contended that, since the requirements for the exterior lateral sewer lines are designed for the service and benefit of the seven exterior lots of the subdivision, the cash contributions are not chargeable to the interior lots. Finally, it is urged by petitioner that the total cash contribution, when added to the cost of the construction of cesspools and dry lateral sewer lines in the interior roads of the subdivision, make the cost of said lots to be in excess of their respective market values, and thereby render them useless for any reasonable purpose.
The intent and operation of the revised statute are identical to those of subdivision 5 of section 277 of the former statute, which was declared constitutional in Wexler v Suffolk County Dept. of Health (Sup Ct, Suffolk County, Jan. 25, 1973, Stark, J.). The basic concept contained in subdivision 5 of section 277 of the Town Law is the requirement that a developer pay certain fees for necessary public improvements prior to the approval of his proposed plat. Such concept has been reviewed in Jenad, Inc. v Village of Scarsdale (18 NY2d 78), wherein the court adopted the determination of Billings Props. v Yellowstone County (144 Mont 25, 29) and stated that (p 85) "this court is of the opinion that if the subdivision creates the specific need for such parks and playgrounds [or, as here, sewers], then it is not unreasonable to charge the subdivider with the burden of providing them.”
The petitioner denies neither the need for a sewer system, nor the validity of a cash contribution requirement in lieu of construction of a sewerage treatment plant. Rather, at issue is the determination of respondents that petitioner must make a *1017 cash contribution in lieu of the construction of exterior lateral sewer lines.
The respondent is charged with the systematic regulation of sewer systems in Suffolk County. The determination as to the means and method by which communal sewerage systems are to be best provided is to be made by the respondents and not by the developer. The respondents have set out with particularity the basis for their determination of per lot assessments, and there is no showing that the mode of calculating the assessment is arbitrary, capricious or an abuse of discretion.
Subdivisions do not exist in a vacuum. The sewer system of the subject subdivision is to form part of a larger system and will become an integral part thereof, and the respondents, statutorily authorized, are in the best position to determine the most proper manner in which the instant subsystem will fit into the over-all pattern. Such determination is clearly within the delineated parameters of the respondents’ delegated authority.
It is the opinion of this court that subdivision 5 of section 277 of the Town Law is constitutional in its requirement of cash contributions in lieu of construction of lateral sewer lines in peripheral public roads, and in its authorization of respondents to determine, specify and direct the means and method by which communal sewerage systems shall be developed.
Petitioner has made no showing that the requirement of cash in lieu of construction is not applied uniformly to every subdivision in similar circumstances to the subject subdivision. Nor has the petitioner submitted evidence showing that the cash requirements imposed make the cost of his lots noncompetitive. Finally, according to the resolution of the respondents, the maximum burden placed upon any one lot in this subdivision is $2,484, and 45 of the 52 lots are charged with $1,246 each. The courts of this State have long held that a per lot charge of $2,750 is not unreasonable (Matter of Medirte v Burns, 29 Misc 2d 890) — over 15 years ago; that even a per lot charge of $3,000 was not unreasonable (Matter of Se-Frank Developers v Gibson, 5 AD2d 687).
The petitioner has failed in his burden of proof to show that subdivision 5 of section 277 of the Town Law is unconstitutional. This court will not substitute its judgment for that of the local agency charged with the responsibility of the public improvements here considered, unless such agency has acted arbitrarily, capriciously, or unreasonably, and such has not *1018 here been demonstrated. (People ex rel. Werner v Walsh, 212 App Div 635; Wallerstein v Westchester Joint Water Works No. 1, 166 Misc 34; Mellis Realties v Town Bd. of Town of Mount Pleasant, 14 Misc 2d 854).
Upon all of the foregoing, the petition is dismissed.