OPINION OF THE COURT
Aaron E. Klein, J.
Petitioners Calhoun (Saugerties town residents) bring this CPLR article 78 proceeding seeking a determination that the Saugerties Town Board acted arbitrarily and capriciously in denying petitioners a trailer permit under section 11 (e) of the Saugerties town trailer ordinance.
Justice John T. Casey of this court, by order to show cause signed October 7, 1977, stayed (1) a criminal action brought by Town of Saugerties against defendants for violation of the *79 trailer ordinance, and (2) a civil action brought by Town of Saugerties for an injunction relating to violation of the trailer ordinance, pending the hearing of this motion.
The present petition and answer allege several triable factual issues denied by respondent town, e.g.:
(1) Whether petitioners maintained a trailer on the subject premises prior to March, 1976?
(2) The substance of representations made to Walter I. Johnson by petitioners in March, 1976 when respondents allege petitioners first applied for a trailer permit.
(3) How and whether respondents learned that petitioners alleged March, 1976 misrepresentations concerning a prior trailer were false?
(4) Precise dates when petitioners allegedly placed the trailer on the subject premises?
(5) Whether the trailer placement in fact violated the Saugerties trailer ordinance in effect at the time the placement was made?
(6) What representations were made by Saugerties building inspector Johnson to petitioners at various points in time?
(7) The precise civil and criminal actions taken by respondents against petitioners at various points in time?
Apparently admitted by petition and answer is that petitioners were not (1) notified that their trailer permit application was being considered by the respondent Saugerties Town Board at its June 9, 1977 meeting (2) petitioners were not given an opportunity to present facts or argument to respondent Saugerties Town Board on the trailer permit application, and (3) petitioners were given no formal written decision of the town board as to why their trailer permit application was denied after the town board meeting on June 9, 1977.
Exhibits attached to the Calhouns’ affidavit dated October 6, 1977 include:
(1) A decision dated November 9, 1976 by Saugerties Town Justice Timothy Murphy, after nonjury trial on June 30, 1976, (which does not separately state and number findings of fact and conclusions of law), but which finds petitioner Robert Calhoun guilty of a violation of section 4(b) of the Saugerties trailer ordinance for installing a house trailer without permit. No record of this proceeding was provided to this court, although the decision says that both parties were represented by attorneys and testimony was taken. The decision directs *80 petitioner Robert Calhoun to be present in court for sentencing on November 24, 1976. No indication is given as to whether Town Justice Timothy Murphy’s decision has been appealed from.
(2) Letters dated May 28, June 15, and August 15, 1977 from respondent Johnson to petitioner Robert Calhoun saying that the Saugerties Town Board adopted the report of the Saugerties Department of Safety and Buildings; that the subject trailer violated section 11(c)(2) of the Saugerties trailer ordinance because (a) premises on which trailer is situated lack a minimum property area of 40,000 square feet, and (b) trailer is situated within 50 feet of a right of way or adjacent property line.
DECISION
CPLR 7803 gives this court jurisdiction to determine whether a body or officer acted in violation of lawful procedure when it makes a determination.
While this case deals with a trailer ordinance, and not a zoning ordinance, there is no question but that the respondent town board’s decision on June 9, 1977 affected a property right of petitioners Calhoun, and that minimal due process requirements require that some notice and opportunity to be heard before the town board should have been given petitioners before a decision was rendered.
By example, subdivision 5 of section 267 of the Town Law sets up a procedure in zoning cases, whereby a property owner aggrieved by a town board decision has an administrative appeal to a board of appeals whose members cannot be members of the town board. Notice and some opportunity for the individual or his attorney to be heard on the application are required in subdivision 5 of section 267 of the Town Law.
The Saugerties trailer ordinance appears to provide no procedure in sections 11 or 13 for an individual to receive notice or present evidence to the town board to rebut what may be incorrect information supplied by a Saugerties town official or employee concerning the individual’s application for a trailer permit.
Section ll(i) of the Saugerties trailer ordinance also appears to require approval from the County Board of Health in addition to approval by the town board before a permit can be issued for a house trailer not parked in a trailer court.
*81 If given an opportunity to appear before the town board, petitioners Calhoun may be able to (1) present evidence concerning their claim that under section 13 of the Saugerties Trailer Ordinance they were exempt from the permit requirements of the present ordinance because they had a trailer on the subject premises prior to the effective date of the Saugerties trailer ordinance (2) urge that even if they were not covered by the grandfather clause in section 13 of the Saugerties trailer ordinance the placement of the subject trailer complied with the ordinance, and/or (3) that the Saugerties Town Board did not follow the procedures set forth in the ordinance in determining petitioners’ applications.
The court holds that the denial of petitioners’ application by the Saugerties Town Board on June 9, 1977, without giving petitioners notice, an opportunity to present evidence, and creating some record for court review, is not consistent with subdivision 7 of section 267 or section 282 of the Town Law which guarantee a party aggrieved by a town board decision, court review of that determination. In the absence of some record, court review becomes impossible.
Apart from the failure to develop a record to insure meaningful court review as required by subdivision 7 of section 267 and section 282 of the Town Law, the court also believes there are serious Federal and New York constitutional (US Const, 14th Amdt; NY Const, art I, § 6) due process questions raised in Town of Saugerties passing on petitioners Calhoun trailer application affecting their property interest without giving them notice of the hearing and opportunity to be heard. The United States Supreme Court has reiterated the need for prior hearing before taking any property or liberty absent an overriding State interest in a variety of contexts (see, e.g., Arnett v Kennedy, 416 US 134; Perry v Sindermann, 408 US 593; Board of Regents v Roth, 408 US 564; Fuentes v Shevin, 407 US 67; Bell v Burson, 402 US 535; Sniadach v Family Fin. Co., 395 US 337; Wisconsin v Constantineau, 400 US 433; Groppi v Leslie, 404 US 496; Boddie v Connecticut, 401 US 371; Goldberg v Kelly, 397 US 254). Secret determination of facts affecting a property interest appears improper regardless of whether the property interest involves use of a trailer or interest in a job or other forms of property.
Accordingly, the June 9, 1977 decision of the Saugerties Town Board denying petitioners a trailer permit is vacated, and respondents are directed to afford petitioners notice and *82 opportunity to be heard personally or through counsel at a hearing before the town board of which a record is to be made to protect petitioners’ subdivision 7 of section 267 and section 282 of the Town Law statutory right to judicial review of adverse town board determinations.
Respondents are enjoined from proceeding against petitioners either civilly or criminally for violation of the subject trailer ordinance pending outcome of the hearing described above..
(On reargument, May 18, 1978)
Respondents, representing the Saugerties Town Board, Department of Safety and Buildings, and Building Inspector move under CPLR 2221 for reargument and reconsideration of this court’s decision dated February 2, 1978 on the grounds the court improperly referred to subdivisions 5 and 7 of section 267 and section 282 of the Town Law (dealing with zoning and planning) in its decision whereas, the trailer ordinance which was the subject of the article 78 proceeding was passed pursuant to subdivision 21 of section 130 and sections 133, 134 and 137 of the Town Law. Respondents suggest that the court’s decision "was based upon a misapprehension of the facts herein and a misapplication of the law” because the Town of Saugerties has not adopted a comprehensive zoning plan, ordinance or set of regulations and the trailer ordinance was merely intended to be a licensing regulation enabling the town to exercise its police power in regulating house trailers "for the promotion and protection of the health, safety and welfare of the Town’s inhabitants.” Finally, respondents suggest that petitioners were accorded "every right, privilege and opportunity to which they were entitled” under section 137 of the Town Law, and that this court’s decision dated February 2, 1978 will create undue financial hardship on the town and lengthy delays in obtaining licenses because it "effectively mandates that whenever a person makes application to the appropriate town authority for a license of any kind or nature the town will be prohibited from considering the merits of that license application without first granting a full hearing on notice to the applicant * * * with a complete record being kept thereof.”
Petitioners interpose no legal argument resisting the motion, and, merely state they "fully concur with this court’s decision dated February 2, 1978.”
*83 DECISION

1. The Court’s Decision of February 2, 1978

Reviewing its decision of February 2, 1978 the court finds that it was sensitive to the distinction between a trailer ordinance and a zoning ordinance, contrary to respondents’ suggestion on this motion. Specifically, the court said in its February 2, 1978 decision: "While this case deals with a trailer ordinance, and not a zoning ordinance, there is no question but that the respondent town board’s decision on June 9, 1977 affected a property right of petitioners Calhoun, and that minimal due process requirements require that some notice and opportunity to be heard before the town board should have been given petitioner before a decision was rendered.” (Emphasis added.)
Furthermore, this court did not rely on subdivisions 5 and 7 of section 267 and section 282 of the Town Law as authority relevant to trailer ordinances, but only, as the court said, for an "example” (emphasis added) of a statutory procedure which the court found to illustrate its belief that a municipality should provide a property owner with some form of notice, opportunity to be heard, opportunity to make a record, and statement of reasons for its decision(s) which affect individual property rights.
This court’s decision dated February 2, 1978 was not intended to create procedures to foster financial hardship or undue delay in licensing applications, but rather to answer the narrow question of whether the respondents violated lawful procedure with regard to their handling of petitioners’ application for a trailer permit.
Close reading of the decision dated February 2, 1978 reveals the elaboration of seven factual questions relevant to proper legal consideration of the permit application under the "Trailer Ordinance of the Town of Saugerties” — which questions were apparently not considered by respondents.
This court did not substitute its judgment for that of respondents; it merely held that respondents did not follow a procedure to insure consideration of facts essential to respondents making an informed decision concerning their own ordinance.
Respondents do not maintain their decisions are free from court scrutiny within the limits set by CPLR article 78. Yet, the procedures respondents followed did not develop a record which would permit a meaningful article 78 review.
*84 Insofar as this court’s decision dated February 2, 1978 directed the respondents to make a proper consideration of petitioners’ application, and provide petitioners with the opportunity to create a meaningful record to insure an informed judicial review, it neither misapprehended the facts nor misapplied the law presented to it. The facts regarding petitioners’ trailer permit application still remain for determination by respondents, and the law of due process, if followed by respondents, would have permitted an informed article 78 review of the entire proceeding in the decision dated February 2, 1978.
Concluding this analysis of its prior decision, the court perceives a delicate irony in that respondents speculate following the due process requirements the court directed will unduly delay decisions on trailer permit applications, whereas, here the delay in decision appears to be more a product of respondents’ failure to follow due process resulting in their failure to find facts essential to determining whether petitioners’ use of the subject trailer was consistent with law.
This court’s prior decision should not be overgeneralized as holding a full blown due process hearing is required for every trailer permit application. If respondents followed a procedure which gave petitioners the opportunity to express their reasons in support of their position in writing, and then rendered a written decision which evidenced some effort to consider petitioners’ position, this also would have developed a record permitting informed article 78 review. Respondents’ combined failure to give due process and failure to develop a record permitting informed article 78 review left the court with little choice but to direct a new hearing so the necessary factual findings could be made.

2. Town Law Sections Not Previously Considered

Review of the questioned decision reveals that respondents accurately state the court did not previously consider subdivision 21 of section 130 and sections 133, 134 and 137 of the Town Law.
Subdivision 21 of section 130 of the Town Law is a general enabling statute setting forth the procedures which a town may follow in enacting a trailer ordinance such as the ordinance at issue here.
Section 133 of the Town Law is a statute which sets forth when an ordinance is to take effect.
Section 134 of the Town Law deals with proof of the *85 existence of an ordinance, and section 135 of the Town Law makes violation of ordinances misdemeanors punishable by fine and imprisonment in addition to civil remedies.
Section 137 of the Town Law deals with issuance of licenses, and provides that where a license is refused an applicant is entitled to "a public hearing * * * at which the licensee shall have an opportunity to be heard”.
Without passing on whether the trailer use question posed here is more appropriately considered a licensing question under section 137 of the Town Law than a zoning question under subdivisions 5 and 7 of section 267 and section 282 of the Town Law there appears to be nothing in the Town Law sections respondents refer to which would cause the court to alter its original decision.
If anything, section 134 of the Town Law making ordinance violation a misdemeanor, would lend additional support to the court’s belief that minimal due process protections must be given because not only is petitioners’ property interest involved, but also petitioners’ liberty interest is involved.
Consideration of the Town Law sections requested by respondents does not provide the court with reason to change its prior decision.

3. Conclusion

The court grants respondents’ motion for reargument and reconsideration, and after reconsideration finds no reason to disturb its decision dated February 2, 1978.