■ In the Matter of EAST COAST POOLS, INC., Appellant, v TOWN BOARD OF EASTON, Respondent. TOWN OF EASTON, Respondent, v SANTINO CARDELLA et al., Appellants.—Kane, J. Appeals (1) from a judgment of the Supreme Court (Dier, J.), entered November 30, 1987 in Washington County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review respondent's determination denying petitioner a mobile home permit, and (2) from an amended order of said court, entered July 6, 1988 in Washington County, which, *inter alia,* granted plaintiff's motion for summary judgment.

Barbara and Santino Cardella, owners of certain premises in the Town of Easton, Washington County, applied to the Town Board of Easton (hereinafter Town Board) for a permit to place a mobile home on their premises as a temporary residence while they erected a permanent structure thereon. Their application was denied and a CPLR article 78 proceeding was dismissed by Supreme Court on the ground that the use of a mobile home for such a purpose was prohibited by the town's local laws. There was no appeal from that decision. However, the local laws did permit application for such use by an employee of a business located on the property.

Thereafter, the Cardellas conveyed their property to East Coast Pools, Inc. for the business purpose of displaying an inground swimming pool as a model, and to use the mobile home as a sales center and employee residence for the Cardellas, who were to be employed by East Coast Pools. After placing the mobile home on the property and beginning the construction of the pool, East Coast Pools applied to the Town Board for a mobile home permit. The application was denied, without prejudice, on the ground, *inter alia,* that the original proposal to the Town Planning Board of Easton (hereinafter Planning Board) authorizing the subdivision which included the premises in question stated that it was for residential purposes only. That denial was upheld by Supreme Court in a second article 78 proceeding which is now before us on appeal.

On November 20, 1987, the town served the Cardellas with a notice of violation of the local laws pertaining to the mobile home and commenced an action seeking, *inter alia,* an injunction restraining them from residing in the mobile home and a

fine in the sum of $100 per week from the date of their occupancy, August 4, 1987. A motion by the town for summary judgment seeking the relief demanded in the complaint was granted and is also before us on appeal.

Turning first to the article 78 proceeding, we reject all the arguments advanced by the Cardellas and East Coast Pools (hereinafter collectively referred to as defendants), including their contention that the Town Board's denial was arbitrary and capricious since they occupied the mobile home for a legitimate business purpose. It is clear that the denial was because the Planning Board's determination stated that the subdivision was for residential purposes only and the plat approval under the State Environmental Quality Review Act *(see,* ECL art 8) was also for residential purposes only. Accordingly, it was proper to deny the application "without prejudice" so as to permit a request to be made to the Planning Board for approval as a commercial use *(see,* 62 CJS, Municipal Corporations, § 83, at 198; *see also, Matter of Cowan v Kern,* 41 NY2d 591, 598; *cf., Matter of Calhoun v Town Bd.,* 94 Misc 2d 78, 84).

As to the action commenced by the town against defendants, we agree that the town had the power to "institute any appropriate action" to prevent the continued use of the mobile home by the Cardellas in violation of the town's local laws (Town Law § 268 [2]) and we reject defendants' contentions that they were encouraged in their actions by representatives of the town *(see, Se-Frank Developers v Gibson,* 157 NYS2d 812, *mod on other grounds* 5 AD2d 687). However, we do agree with defendants that a fine was improper since a fine may be imposed only upon a party's conviction of a violation of an ordinance *(see,* Town Law §§ 135, 268 [1]; *Town of Solon v Clark,* 97 AD2d 602). Other contentions offered by defendants we find to be without merit.

Judgment affirmed, without costs.

Amended order modified, on the law, without costs, by reversing so much thereof as required the payment of a fine, and, as so modified, affirmed. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.