The STATE of Ohio, Appellee,

v.

RIVERA, Appellant.

[Cite as *State v. Rivera* (1994), 99 Ohio App.3d 325.]

Court of Appeals of Ohio,
Eleventh District, Ashtabula County.

No. 93–A–1833.

Decided Aug. 15, 1994.

*Gregory J. Brown,* Ashtabula County Prosecuting Attorney, and *Terrence J. Jones,* Assistant Prosecuting Attorney, for appellee.

*Jonathan W. Winer,* for appellant.

NADER, Judge.

This is an appeal from a conviction of drug abuse, in violation of R.C. 2925.11(A), entered in the Ashtabula County Court of Common Pleas.

On January 15, 1993, appellant, Edgardo S. Rivera, was arrested for a violation of R.C. 2925.11(A), drug abuse. Appellant was arraigned in the Ashtabula Municipal Court on the same date, a plea of not guilty was entered, and a $10,000 cash bond was set. On January 26, 1993, a preliminary hearing was held. The trial court filed a judgment entry, following the preliminary hearing, which ordered that the cash bond be continued and that the case be bound over to the grand jury.

On February 3, 1993, appellant was indicted by the grand jury on one count of drug abuse in violation of R.C. 2925.11(A). On February 5, 1993, appellant was arraigned in the Ashtabula County Court of Common Pleas. The court ordered that bond be set at $5,000 personal recognizance. Appellant entered a plea of not guilty and was subsequently released on bond.

Appellant filed a motion to suppress his oral statement on July 6, 1993. A hearing on the motion to suppress was held on September 15, 1993. On September 22, 1993, the trial court entered an order granting appellant's motion for the reason that appellant's limited knowledge of English rendered questionable the effectiveness of his *Miranda* warnings, which were administered in English. Appellant subsequently filed a request for an interpreter, which was granted by the trial court in an entry filed October 5, 1993.

On October 5, 1993, the matter went to trial before a jury. The presence of an interpreter was noted on the record. On October 6, 1993, the jury returned a guilty verdict on the charge of drug abuse. The jury also found that appellant had previously been convicted of a drug-abuse offense. On the same date, the trial court entered judgment in accordance with the verdict.

On October 7, 1993, appellant appeared before the trial court for sentencing. Appellant's interpreter was present for these proceedings. The trial court entered an order on that date, sentencing appellant to two years of incarceration and suspending the mandatory fine due to appellant's indigency. On November 4, 1993, appellant filed a notice of appeal, assigning the following as error:

"1. The trial court erred in denying defendant's motion for a new trial after inadmissible statements were made in the presence of the jury by an arresting officer concerning the defendant's alleged possession of a weapon during a prior, unrelated arrest.

"2. Admission of evidence of defendant's prior drug conviction denied defendant a fair trial and substantially prejudiced the jury.

"3. The defendant was denied his right to confront witnesses and denied effective assistance of counsel by the interpreter's failure to fully translate the trial, and absence during all but five minutes of defense counsel's trial preparation time."

In appellant's first assignment of error, it is argued that the trial court erred in denying appellant's request for a mistrial. Appellant's request was predicated upon the unsolicited statement of a prosecution witness that related to an allegation that appellant was armed during a previous encounter with law enforcement officials.

■ It has been held that:

"A mistrial will be declared where there is a 'manifest necessity to do so,' or in order to 'serve the ends of public justice.' *State v. Abboud* (1983), 13 Ohio App.3d 62, 13 OBR 66, 468 N.E.2d 155. The determination of whether a mistrial is warranted rests within the sound discretion of the trial court. *Id.*" *State v. Fenton* (1990), 68 Ohio App.3d 412, 434, 588 N.E.2d 951, 965.

■ The phrase "abuse of discretion" " 'connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. * * *' *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 173, 404 N.E.2d 144, 149. * * *" *State v. Montgomery* (1991), 61 Ohio St.3d 410, 413, 575 N.E.2d 167, 171.

■ The portion of testimony in question is as follows:

"Q. Okay, what was the plan at this point in time among you three law enforcement officers?

"A. We were going to wait for Mr. Rivera to leave the Speedway as it was advised to approach with caution. Last time he was observed with a nine millimeter."

Upon appellant's objection, the trial court made the following statement:

"The court: The objection's sustained. That will be stricken. Members of the jury, you are instructed to disregard it and, Mr. Jones, if we need to take a recess now for you to caution this witness, we can do that."

Upon appellant's request, the trial court gave a second limiting instruction:

"The court: All right, we'll have the record show that all the members of the jury panel have now been returned to the courtroom.

"Before we go any further, ladies and gentlemen, again, just prior to taking this recess and in response to a question, in fact, a nonresponsive answer was given and this officer made some reference to apparently some prior time that this defendant reportedly may have been in possession of [a] nine millimeter weapon of some kind.

"I'm instructing you to disregard that. I have stricken that testimony from the record. It's not relevant to any proceeding involving this case. In fact, there is no evidence that this defendant did, at this time, or ever at any time have a

weapon and so I am instructing you to disregard that testimony. You may not consider it at all. All right, Mr. Jones."

In light of the extensive limiting instructions given to the jury in response to a single potentially prejudicial statement, we hold that the trial court did not abuse its discretion in determining that there was no manifest necessity to declare a mistrial. Appellant's first assignment of error is meritless.

■ In appellant's second assignment of error, it is argued that the trial court erred in admitting evidence of appellant's prior drug conviction, denying appellant a fair trial and prejudicing the jury. During appellant's trial, counsel stipulated to the existence of a prior drug conviction, as evidenced in State's Exhibit 1, and to the fact that the appellant was the defendant in the prior conviction.

R.C. 2925.11(C)(1) provides that anyone violating that statute is guilty of drug abuse, which constitutes a fourth degree felony, unless "the offender previously has been convicted of a drug abuse offense," in which case "drug abuse is a felony of the third degree." R.C. 2945.75 provides:

"(A) When the presence of one or more additional elements makes an offense one of more serious degree:

"* * * *

"(2) A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged.

"(B) Whenever in any case it is necessary to prove a prior conviction, a certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, is sufficient to prove such prior conviction."

The Supreme Court of Ohio has held that where a prior conviction elevated the degree of the offense with which the defendant was charged, it "did not simply enhance the penalty. It transformed the crime itself by increasing its degree. In such a case, the prior conviction is an essential element of the crime, and must be proved by the state." *State v. Allen* (1987), 29 Ohio St.3d 53, 54, 29 OBR 436, 437, 506 N.E.2d 199, 201, distinguishing *State v. Gordon* (1971), 28 Ohio St.2d 45, 57 O.O.2d 180, 276 N.E.2d 243.

Furthermore, the Supreme Court of Ohio has held that a two-part jury trial is not required, when evidence of a prior conviction is sought to be introduced. *State v. Gordon* (1971), 28 Ohio St.2d 45, 50, 57 O.O.2d 180, 183, 276 N.E.2d 243,

246. Thus, the trial court did not err in admitting the certified copy of appellant's prior drug conviction.

In addition, the trial court included a limiting instruction to the jury regarding the purpose of the evidence of a prior conviction. The court stated:

" * * * This evidence may be considered for the purpose of determining whether the defendant has been previously convicted of a drug abuse offense, which is an essential element of the crime of Drug Abuse, as charged in this case. This evidence cannot be considered for any other purpose."

This limiting instruction was sufficient to counteract any potential prejudice to appellant from the admission of his prior conviction. *State v. Weible* (Mar. 15, 1989), Summit App. No. 13754, unreported, at 4, 1989 WL 24227; *State v. Roberts* (Dec. 2, 1987), Ross App. No. 1368, unreported, 1987 WL 26254.

Appellant also contends that R.C. 2945.75 conflicts with Evid.R. 403, 404 and 405.

■ In *Roberts, supra,* the court addressed appellant's concerns regarding potential conflict between R.C. 2945.75 and Evid.R. 403, which provides for the exclusion of prejudicial evidence. The court stated that Evid.R. 403 must be read in context with Evid.R. 105, which provides:

"When evidence which is admissible as to one party or for one purpose but not admissible as to another party or for another purpose is admitted, the court, upon request of a party, shall restrict the evidence to its proper scope and instruct the jury accordingly."

The *Roberts* court concluded that the trial court's limiting instruction was sufficient to "eliminate the risk of unfair prejudice to appellant." Thus, the court concluded that the probative value of the evidence of the prior conviction to prove an essential element of the crime charged was not outweighed by prejudice to the defendant, and therefore the trial court had complied with Evid.R. 403. We agree with this analysis. In the instant case, the trial court instructed the jury on the purpose of the evidence of the other drug conviction. Thus, the probative value of the evidence was not outweighed by the potential prejudice. As a result, Evid.R. 403 and R.C. 2945.75 were both properly followed by the trial court.

■ Appellant also contends that R.C. 2945.75 conflicts with Evid.R. 404(B), which provides:

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

It is clear from the plain language of Evid.R. 404 that evidence of other crimes may be admitted for purposes other than to prove that the defendant acted in conformity therewith. In the instant case, the trial court clearly instructed the jury on the purpose of the evidence of the prior crime, which was introduced to prove an element of the crime charged. Appellant contends that the exceptions enumerated in Evid.R. 404 constitute an exclusive list. However, the rule states that such evidence may be introduced for other purposes *"such as,"* indicating that the list included in the rule is only demonstrative. Thus, the trial court properly complied with both R.C. 2945.75 and Evid.R. 404.

Finally, appellant contends that a conflict exists between Evid.R. 405 and R.C. 2945.75. Evid.R. 405 deals with methods of proving character and is wholly inapposite to the proceedings at hand. Appellant has demonstrated no conflict between Evid.R. 405 and R.C. 2945.75.

Our holding with regard to this assignment of error is the product of binding precedent and the resulting need to reconcile R.C. 2945.75 with the Rules of Evidence and principles of justice. However, we note with approval the concurring opinion in *Roberts, supra,* which states:

"Where there is evidence of prior convictions in the certified copy of an entry which must be admitted to prove the prior offense, admitting those prior convictions is highly prejudicial. The trial court, and the majority opinion, relies too heavily on judicial admonitions. Cautioning the jury is simply not that effective, people being people. This point was made in *Dunn v. U.S.* (1962), 307 F.2d 883, at p. 886: 'If you throw a skunk in the jury box, you cannot instruct the jury not to smell it.'" *Roberts, supra,* at 11. (Grey, J., concurring.)

The same sentiment is echoed by the Supreme Court of Ohio in *Allen, supra,* 29 Ohio St.3d at 55, 29 OBR at 437–438, 506 N.E.2d at 201, in which the court made the following statement with regard to the introduction of prior crimes where the degree of the offense is not increased:

"The existence of a prior offense is such an inflammatory fact that ordinarily it should not be revealed to the jury unless specifically permitted under statute or rule. The undeniable effect of such information is to incite the jury to convict based on past misconduct rather than restrict their attention to the offense at hand. For this reason, we do not consider the trial court's admonitions to the jury that appellee's prior convictions are immaterial to his guilt of the present charge are sufficient to cure the error. Nor are we persuaded that appellee would have been convicted absent the disclosure to the jury of appellee's two prior convictions. See *State v. Bayless* (1976), 48 Ohio St.2d 73, 2 O.O.3d 249, 357 N.E.2d 1035, paragraph seven of the syllabus, vacated in part on other grounds (1978), 438 U.S. 911 [98 S.Ct. 3135, 57 L.Ed.2d 1155]."

The distinction between those cases in which a prior conviction elevates the degree of the offense and those cases in which a prior conviction results in a greater penalty is arbitrary because "the actual result of enhancing the degree of the offense is to enhance the penalty by increasing the minimum and maximum sentence which may be imposed.  * * * [T]he final outcome of the increase in the degree of the offense [is] to increase the penalty *only,* not to substantively change the elements of the offense."  (Emphasis *sic.*)  *State v. Fittro* (1993), 66 Ohio St.3d 16, 20–21, 607 N.E.2d 447, 449–450 (Wright, J., dissenting).  Therefore, we advance the proposition that legislation be adopted with regard to prior crimes which elevate the degree of the offense charged, similar to R.C. 2941.142, which allows a defendant to request a bifurcated hearing.  Such a procedure would ensure the defendant a fair trial, while allowing the prosecution to prove the prior conviction.

Appellant's second assignment of error is meritless.

■  In appellant's final assignment of error, it is argued that appellant was denied a fair trial and denied the effective assistance of counsel because the interpreter was not present to facilitate trial preparation and did not fully translate the trial proceedings.  Appellant relies upon an affidavit signed by appellant's trial counsel, which states that the interpreter was present for only five minutes of trial preparation and that the interpreter translated only selective portions of the trial proceedings.

Our review of the record and transcripts indicates no objection or suggestion that a problem existed with appellant's interpreter.  As stated in *State v. Williams* (1977), 51 Ohio St.2d 112, 5 O.O.3d 98, 364 N.E.2d 1364, paragraph one of the syllabus:

"An appellate court need not consider an error which a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.  * * *"

After the interpreter was appointed by the court, there is no further discussion on the record.  Furthermore, by judgment entry dated March 3, 1994, this court ordered that the affidavit upon which appellant relies be stricken from the record before this court, pursuant to App.R. 9 and *State v. Ishmail* (1978), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500.

Because the record before us is devoid of any indication that the interpreter was inadequate, appellant's third assignment of error is meritless.

In accordance with the foregoing analysis, the judgment of the trial court is hereby affirmed.

*Judgment affirmed.*

CHRISTLEY, P.J., and JOSEPH E. MAHONEY, J., concur.