OPINION
Defendant-appellant James A. Winston appeals from his conviction and sentence for Involuntary Manslaughter. He contends that his conviction is against the manifest weight of the evidence. He also contends that the trial court erred by failing to grant his motion for a mistrial based upon a claim of prosecutorial misconduct. From our review of the record, we are satisfied that the conviction is supported by the evidence. Furthermore, we find that the trial court did not abuse its discretion by denying the motion for a mistrial. Accordingly, the judgment of the trial court is Affirmed.
 I
This case arises from the shooting death of Clifford Owensby, Jr., who was killed on January 18, 1997. On that date, Owensby was working as a mechanic at a garage owned by Richard Brooks. The appellant-defendant, James A. Winston, brought his vehicle in to the garage for some repairs. Winston left the garage; when he returned, he and Owensby engaged in a heated verbal exchange. Winston again left the garage. When he returned, after dark, he and Owensby became involved in a physical altercation, during which Owensby was shot and killed.
Winston was indicted for Involuntary Manslaughter with a firearm specification. Following a jury trial, he was found guilty as charged and sentenced accordingly. From his conviction and sentence Winston appeals.
 II
Winston's First Assignment of Error states as follows:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY ENTERING A VERDICT OF GUILTY, WHICH VERDICT WAS AGAINST THE WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW.
 Winston contends that the evidence does not support a finding that he committed the offense of Involuntary Manslaughter. In support, he argues that the testimony of the witnesses presented by the State was not credible and that the evidence established that he acted in self-defense.
When reviewing a claim that a conviction is against the weight of the evidence, this court has stated:
 When the weight of the evidence is challenged, an appellate court sits as a "thirteenth juror" and may register its disagreement with the determinations of the fact-finder. The appellate "court reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." From the last sentence quoted above it is clear that we must accord substantial deference to the fact-finder, and reverse on a manifest weight review only in extraordinary cases.
 State v. Brewer (Mar. 17, 2000), Montgomery App. No. 17766, unreported, quoting State v. Thompkins (1997),78 Ohio St.3d 380.
There is evidence in the record that when Winston returned to the garage after dark, he arrived in a car accompanied by two other men. After Winston and the men exited the vehicle, several people on the scene informed him that his car repairs had been completed. Winston then approached Owensby, who was asleep in a chair outside the garage beside a barrel in which a fire had been lit.[1]
Upon approaching Owensby, Winston had a gun in his hand. He attempted to awaken Owensby by loudly asking him if his car was ready. When Owensby did awaken, he and Winston began to scuffle. One of the men who accompanied Winston to the garage became involved in the fight; he also had a gun. At some point, Owensby fell on top of Winston. Winston fired into Owensby's chest while the other man shot him in the back. Winston and his two companions fled the scene.
Winston took the stand in his own defense. He admitted that he "probably" shot Owensby in the chest during the scuffle. However, he contends that he acted in self-defense.
"In order to prove the affirmative defense of self-defense, a criminal defendant must show, by a preponderance of the evidence, that he or she: (1) was not at fault in creating the situation giving rise to the argument or fight; (2) had a bona fide belief that he or she was in imminent danger of death or great bodily harm and that the only way to escape was to use force; and (3) did not violate a duty to retreat." State v. Wheatley (Feb. 11, 2000), Montgomery App. No. 17808, unreported, citing State v.Thomas (1997), 77 Ohio St.3d 323, 326. In this case, there was evidence that, if believed, established that Winston failed to prove the first prong of the affirmative defense because he was not free from fault in the sequence of events leading up to the shooting. Therefore, we conclude that the jury's rejection of the self-defense theory was not against the manifest weight of the evidence.
We have reviewed the entire record in this case, and conclude that the conviction is not against the manifest weight of the evidence. The record contains eyewitness testimony, which the jury chose to credit, establishing that Winston was not free from fault in the initiation of the altercation with Owensby, and that he shot Owensby during the fight. Therefore, the First Assignment of Error is overruled.
 III
Winston's Second Assignment of Error states:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY OVERRULING DEFENSE MOTION FOR A MISTRIAL WHEN TRIAL PROSECUTOR IMPLIED THAT DEFENDANT WAS SO LACKING IN CREDIBILITY THAT HIS COUNSEL DISBELIEVED HIM AND ALSO THAT HIS DEFENSE COUNSEL MAY BE INVOLVED IN CONCEALING EVIDENCE.
 Winston contends that the trial court erred by overruling his motion for a mistrial.
Whether or not a mistrial is warranted is a decision committed to the sound discretion of the trial court. State v.Rivera (1994), 99 Ohio App.3d 325, 328. We review such decisions under the "abuse of discretion" standard which tests whether the trial judge's ruling is unreasonable, arbitrary or unconscionable.Id.
In this case, Winston contends that a mistrial was necessary because the following statements by the prosecutor improperly insinuated that defense counsel did not believe Winston's testimony:
 Well, how did it start? The defense put on a witness and vouched for him who gave one version that the defendant got up and said was a lie. And the defendant's version, their own witness by implication said was a lie, because he told something completely different. How in goodness name are you talking about witnesses and believing them when your own client doesn't dispute with how Valentine said how it happens, and how it matches physical evidence, that is beyond me.
* * *
 Wasn't it interesting that [defense counsel] spoke about the other people in the car and used the plural. Did you catch that? They. They would drop him off and so forth. He forgets to accept, despite his client's pleas, that there were two other people in that car.
 "The test for prosecutorial misconduct is whether the remarks are improper and, if so, whether they prejudicially affected substantial rights of the accused." State v. Eley
(1996), 77 Ohio St.3d 174, 187. The closing argument must be reviewed in its entirety to determine whether prejudicial error occurred. State v. Frazier (1995), 73 Ohio St.3d 323, 342.
We have reviewed the entire closing argument. With regard to the first portion of the State's rebuttal closing argument to which Winston assigns error, we note that Winston failed to properly preserve this issue for appeal because he did not object to it during trial. Even if he had properly objected, we would conclude that the prosecutor was merely attempting, albeit somewhat inartfully, to point out correctly that Winston's testimony contradicted that of one of his own witnesses. We find that this is a valid subject for closing argument, not constituting prosecutorial misconduct.
We next turn to the second portion of the rebuttal closing argument. At trial, Winston testified that when he returned to the garage he arrived with just one other man. Other witnesses testified that he returned with two other men. We find that the prosecutor did improperly insinuate that defense counsel did not believe his own client by pointing out that counsel stated, contrary to Winston's testimony, that there was more than one other person in the car with Winston at the time of the crime.
However, after objection by defense counsel, the trial court gave a curative instruction. It is presumed that a jury follows the instructions given to it. State v. Mason (1998), 82 Ohio St.3d 144,157. For purposes of mistrial analysis, there is a presumption of the efficacy of curative instructions with regard to improper comments made by a witness or prosecutor. State v.Nichols (1993), 85 Ohio App.3d 65, 69. Thus, in the absence of any indication to the contrary, we presume that the jurors followed the curative instruction, and disregarded the prosecutor's comment upon defense counsel's apparent lack of belief in his client's testimony. In indulging in this presumption, we are influenced by the peripheral character of this particular argument — it is all erected upon defense counsel's use of the plural to refer to another person or persons in the car. Confusion of the plural with the singular is a common mistake in speech. We find it unlikely that the jury would have attached any significance to this small point after the curative instruction.
The trial court did not abuse its discretion by denying the motion for a mistrial. Accordingly, the Second Assignment of Error is overruled.
 IV
Both of Winston's Assignments of Error having been overruled, the judgment of the trial court is Affirmed.
WOLFF, and YOUNG, JJ., concur.
[1] Several people testified that Owensby had been drinking during the course of the day and that he had been "passed out" for a couple of hours before Winston returned to the garage. An autopsy revealed that Owensby had a blood alcohol content of .34 and recent marijuana use.