OPINION
Appellee, David Flasck, was arrested for driving under the influence of alcohol ("DUI") on October 14, 1998. He was charged with felony DUI, pursuant to R.C. 4511.99(A)(4), as he had been convicted of three similar offenses within the previous six years.
On November 22, 1999, the Trumbull County Court of Common Pleas sustained appellee's motion in limine, prohibiting the state from presenting evidence to the jury of appellee's prior convictions. Appellee would instead be required to stipulate to the convictions, which would be used by the court to elevate the degree of the offense in the event of a guilty verdict. The state appeals from that ruling, pursuant to Crim.R. 12(J), and raises the following assignment of error:
 "The trial court erred in excluding evidence of appellee's prior DUI convictions during the trial."
In its assignment of error, the state asserts that, pursuant to our decision in State v. Payne (Mar. 31, 1999), Lake App. No. 97-L-284, unreported, appellee's prior convictions are elements of felony DUI that must be proven beyond a reasonable doubt before a jury. The position of appellee and the trial court is that the trial court has discretion as to whether the convictions should be presented to the jury or whether appellee could stipulate to them. Appellee further argues that: R.C.4511.99(A)(4)(A) provides for prior convictions to be considered only as a sentencing enhancement and not as elements of felony DUI; the interpretation given to R.C. 4511.19 and R.C. 4511.99 is unconstitutional because it allows the legislature to usurp the judiciary's power to determine the admissibility of evidence; the interpretation of these statutes denies him due process; and, the determination of his guilt for the present DUI and for felony DUI should be done in a bifurcated proceeding where the jury would not be influenced by the evidence of his prior convictions.
In Payne, we upheld the decision of a trial court to allow the presentation of evidence of an accused's prior convictions to a jury. The trial court interpreted our ruling to mean only that it was not an abuse of discretion for a trial court to allow the evidence of prior convictions to go to a jury. It postulated that the reverse would also be true and that it would not be an abuse of discretion for it to decide to bifurcate the proceedings. The trial court also noted that it did not believe that the legislature had made prior DUI convictions an element of felony DUI, but that it was required by our holdings to rule that they were.
In general, trial courts have broad discretion in the admission or exclusion of evidence. Huffman v. Hair Surgeon, Inc. (1985),19 Ohio St.3d 83, 482 N.E.2d 1248. Indeed, if this appeal merely addressed the prejudicial nature of appellee's prior convictions when weighed against their probative value, we could not reverse the trial court's ruling absent a showing that the trial court abused its discretion. However, the current appeal requires us to decide whether the trial court even has the discretion as a matter of law to allow the prior convictions to be presented in a bifurcated proceeding. As such, the abuse of discretion standard is inappropriate. The risk of the introduction of prior convictions prejudicing an accused is obvious and has been extensively litigated in the context of recidivist statutes. A long line of Ohio cases hold that when a prior conviction elevates the degree of an offense rather than merely enhancing the sentence, the prior conviction is an essential element and must be proved as a matter of fact. State v. Allen (1987), 29 Ohio St.3d 53, 506 N.E.2d 199, syllabus;State v. Gordon (1971), 28 Ohio St.2d 45, 276 N.E.2d 243; State v.Rivera (1994), 99 Ohio App.3d 325, 331-332, 650 N.E.2d 906; Payne,supra. As appellee points out, we were highly critical of proceedings that allow the presentation of prior DUI convictions during the guilt phase of a DUI trial in Rivera. As was the trial court, other judges have been critical of these procedures. See State v. Fittro (1993),66 Ohio St.3d 16, 17, 607 N.E.2d 447 (Wright, J. dissenting); State v.Ireson (1991), 72 Ohio App.3d 235, 241, 594 N.E.2d 165 (Grey, J. dissenting), appeal dismissed (1992), 61 Ohio St.3d 1418, 574 N.E.2d 1089;State v. Day (1994), 99 Ohio App.3d 514, 518, 651 N.E.2d 52 (Jones, J. dissenting). Even in Allen, supra, where the Supreme Court of Ohio upheld this procedure, the court wrote:
 "The existence of a prior offense is such an inflammatory fact that ordinarily it should not be revealed to the jury unless specifically permitted under statute or rule. The undeniable effect of such information is to incite the jury to convict based on past misconduct rather than restrict their attention to the offense at hand." Id. at 55.
In Rivera, though upholding the admission of a prior drug-related offense under R.C. 2925.11(C)(1), we observed that such procedures were inherently unfair to the accused and suggested to the legislature that they be amended. However, our admonition has gone unheeded. Our decision in Rivera proceeded the October 17, 1996 effective date of Senate Bill 166, which amended R.C. 4511.99(A)(4) in order to classify a fourth DUI conviction as a felony. Though R.C. 4511.19 does not specifically set forth that the prior convictions are elements of felony DUI, the portion of the statute upgrading DUI to a felony appears in R.C. 4511.99. The felony DUI statutory scheme is nearly identical to the "second offense" penalty set forth in R.C. 4549.04 and R.C. 4549.99 for operating a motor vehicle without the owner's consent, as ruled on in Gordon. Despite the trial court's opinion to the contrary, we presume that the legislature was aware of the previous holdings when it amended R.C. 4511.99 and was aware that by so amending it, an accused's prior convictions would become an element of felony DUI.
Reviewing our previous opinions on whether a trial court may use its discretion to bifurcate proceedings in cases such as this one, our holdings strongly suggest that a trial court cannot. As we wrote inPayne: "[i]f the trial court had accepted appellant's stipulation, the jury would not have known that appellant had three or more convictions for [DUI]. * * * [E]vidence concerning the name and nature of appellant's prior convictions was necessary in order for the jury to find appellant guilty of the charged offense." Payne, supra. We also held, in State v.Dowdy (June 14, 1996), Lake App. No. 95-L-140, unreported, that R.C.2945.75(A)(2) requires the jury verdict to state either that the accused is guilty of the elevated degree of the offense or that the accused was convicted previously as charged in the indictment. However, it is possible to read these decisions and conclude that we have never released a majority opinion that specifically held that a trial court may not bifurcate proceedings in criminal prosecutions where prior convictions are used to elevate the degree of the offense.[1]
The leading appellate case holding that such proceedings may not be bifurcated was written by the Fourth Appellate District. State v. Ireson
(1991), 72 Ohio App.3d 235, 594 N.E.2d 165. Ireson held that an accused has no right to a bifurcated proceeding absent the enactment by the General Assembly of a statute conferring such right. Id. at 240. Nearly every appellate district in Ohio has followed the Ireson holding.[2]
In Dowdy, we cited Ireson, but for the proposition that the provision of R.C. 2941.142 did not apply where prior convictions elevated the degree of the offense and did not specifically hold that bifurcated proceedings were required. We now hold that in a prosecution for felony DUI, under R.C. 4511.19 and R.C. 4511.99, a trial court may not bifurcate the proceedings. The evidence of appellee's prior convictions must be presented to the jury during the guilt phase of the trial. Appellant's assignment of error has merit.
The arguments appellee raises with regard to the constitutionality of R.C. 4511.99 are compelling; however, the scheme employed in this type of repeat offender statute has been previously held to be constitutional.
In State v. D'Onofrio (May 24, 1985), Geauga App. No. 1189, unreported, we noted that the United States Supreme Court, in Spencer v.Texas (1967), 385 U.S. 554, 87 S.Ct. 648, concluded that a state's interest in dealing with repeat offenders is superior to the prejudice that the introduction of the previous convictions may cause. InSpencer, which was heavily cited by the Supreme Court of Ohio in Gordon, the court held that although there may be better methods to deal with repeat offenders than introducing their past convictions in a one-prong trial, such a trial did not violate the accused's due process rights under the Fourteenth Amendment. In Rivera, we held that allowing prior convictions into evidence did not conflict with the Rules of Evidence.
Therefore, the judgment of the Trumbull County Court of Common Pleas is reversed and remanded for further proceedings consistent with this opinion.
 _________________________________ JUDGE JOSEPH E. MAHONEY, Ret. Eleventh Appellate District sitting by assignment
CHRISTLEY, P.J., O'NEILL, J., concur.
[1] But see State v. Henton (1997), 121 Ohio App.3d 501, 511,700 N.E.2d 371 (Ford, P.J. concurring) (An accused has no right to a bifurcated proceeding).
[2] Second Appellate District (State v. Lenoir [Sep. 12, 1997], Montgomery App. No. 15469, unreported); Fifth Appellate District (Statev. Grundy [Dec. 14, 1999], Licking App. No. 99CA0046, unreported); Sixth Appellate District (State v. Torres [Mar. 31, 1999], Wood App. No. WD-98-049, unreported); Eighth Appellate District (State v. Nievas
[1997], 121 Ohio App. 451, 700 N.E.2d 339); Ninth Appellate District (State v. Lynch [Jan. 6, 1999], Lorain App. No. 97CA006849, unreported); Tenth Appellate District (State v. Adams [1995], 106 Ohio App.3d 139,665 N.E.2d 700.)