OPINION
Defendant-appellant, Jerry Simpson, appeals the decision of the Butler County Court of Common Pleas revoking his probation and ordering him to serve the remainder of his prison sentence.
In March 1996, appellant was convicted of assault, a first-degree misdemeanor, and robbery, a second-degree felony. Appellant received a sentence of eight to fifteen years for the robbery charge, and six months for the assault charge, the sentences to be served concurrently. Appellant was also ordered to pay a $5,000 fine, the costs of prosecution, and restitution. The fine was ordered to be paid within two years upon release from prison, while the costs of prosecution and restitution were ordered to be paid within one year upon release from prison. In September 1998, appellant was granted "shock probation" and released from prison.
In September 2000, the state filed a notice of probation violation with the trial court. The state alleged that appellant had violated rules one and twelve of his probation conditions. Rule one states:
 I will obey federal, state and local laws and ordinances, including all orders, rules and regulations of Butler County Common Pleas Court or the Department of Rehabilitation and Correction. I agree to conduct myself as a responsible law abiding citizen.
Rule twelve states:
 I agree to comply with all financial obligations, including child support, as ordered by any court and/or the Department of Rehabilitation and Correction.
 An attached report stated that appellant had assaulted two juveniles in August 2000, and that he owed an outstanding court balance of $13,605. According to the state, appellant had last paid $20 toward the balance in August 1999.
The trial court held a probation violation hearing on October 3, 2000 at which appellant admitted to a violation of rule twelve. Initially, appellant had questioned the amount owed. However, later in the hearing, counsel for appellant stated: "I believe at this time we are willing to enter an admission to the Rule 12 violation as far as the outstanding fines and costs." Counsel for the state then said: "Based on the admission of the Rule 12 violation, at this point the State will withdraw the Rule 1 violation pending outcome potentially [sic] of the underlying charge." According to appellant's counsel at the hearing, a trial for appellant's alleged assault of the juveniles was scheduled for October 10, 2000. The trial court then found that appellant had violated rule twelve, and continued the matter for sentencing. The record does not indicate whether a trial on the assault charges was held.
In the interim, appellant was charged with aggravated assault after an incident outside a bar. A jury later found appellant not guilty of that charge.
The trial court held a disposition hearing on November 30, 2000. At the conclusion of the hearing, the trial court ordered appellant to serve the balance of his sentence. In so finding, the court stated:
 * * * [T]he Court has considered everything it's been accorded, considered the original Presentence Investigation Report, the letters that were submitted by Mr. Simpson and his family, comments from his girlfriend and her mother here this morning towards Mr. Simpson's comments, as well as counsel's.
 From what I can read from this record, Mr. Simpson has throughout the time he's been on supervised probation, has skirted close to the edge of violations culminating in the attack of these two 15 year old boys. The day after that he's involved in and subsequently charged with assault in relation to a bar fight. Based on everything that's reported before this Court, the Court finds that it will be necessary and an [sic] appropriate in this case that Mr. Simpson be required to serve out the balance of his sentence in the Ohio Department of Rehabilitation and Corrections.
 In the trial court's entry revoking community control and imposing a prison term, the trial court stated that appellant had violated both rules one and twelve of his probation conditions.
Appellant now appeals the trial court's decision, raising two assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN REVOKING SIMPSON'S PROBATION FOR VIOLATING RULE NO. 1 WHEN THE STATE HAD WITHDRAWN THE CHARGE VIOLATING SAID RULE.
Under this assignment of error, appellant argues that the trial court abused its discretion by revoking appellant's probation based on the rule one violation because the state withdrew the violation.
An appellate court cannot reverse a trial court's decision to revoke probation absent an abuse of discretion. State v. Theisin (1957),167 Ohio St. 119, 124-25; Swanton v. Barker (Oct. 20, 2000), Fulton App. No. F-00-003, unreported. An abuse of discretion connotes that the trial court's attitude in reaching its decision was unreasonable, arbitrary, or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151, 157; State v.Rivera (1994), 99 Ohio App.3d 325, 328.
At oral argument, the state conceded that the trial court dismissed the rule one violation and that the rule one violation was not before the court at the disposition hearing. The state noted that the trial court's journal entry reflects that it dismissed the rule one violation pending the outcome of appellant's assault trial in Hamilton Municipal Court. The record does not show that such a trial ever took place, either before or after appellant's disposition hearing. Accordingly, the trial court abused its discretion by revoking appellant's probation based on a violation of rule one. Therefore, we sustain appellant's first assignment of error.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN REVOKING SIMPSON'S PROBATION FOR VIOLATING RULE NO. 12 WITHOUT MAKING ANY INQUIRY INTO THE REASONS FOR SIMPSON'S FAILURE TO PAY HIS FINES AND COSTS.
Under this assignment of error, appellant argues that the trial court violated the Equal Protection Clause of the Fourteenth Amendment because it did not inquire into appellant's reasons for failing to pay the fine, costs, and restitution before revoking his probation based on the rule twelve violation. Thus, appellant contends, the trial court abused its discretion.
"The privilege of probation rests upon the probationer's compliance with the probation conditions and any violation of those conditions may properly be used to revoke the privilege." State v. Crowder (Oct. 22, 2001), Clermont App. No. CA2001-02-023, unreported, at 3, quoting Statev. Bell (1990), 66 Ohio App.3d 52, 57.
In support of his argument, appellant cites Bearden v. Georgia
in which the U.S. Supreme Court held:
 [I]n revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay. If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority. If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternate measures of punishment other than imprisonment. Only if alternate measures of punishment are not adequate to meet the State's interests in punishment and deterrence may the court imprison a probationer who has made bona fide efforts to pay. To do so otherwise would deprive the probationer of his conditional freedom simply because, through no fault of his own, he cannot pay the fine. Such a deprivation would be contrary to the fundamental fairness required by the Fourteenth Amendment.
Bearden v. Georgia (1983), 461 U.S. 660, 672, 103 S.Ct. 2064, 2073.
In Bearden, the court held that the trial court erred by revoking Bearden's probation without finding that he willfully failed to pay fines and restitution. Bearden, 461 U.S. at 673-74, 103 S.Ct. at 2073. Bearden had pled guilty to burglary and receiving stolen property. The trial court sentenced him to probation on the condition that he pay a $500 fine and $250 in restitution. Bearden borrowed money to pay the first $200 of his restitution. However, Bearden later lost his job and was unable to find work. He notified his probation officer that his next payment would be late. At his probation revocation hearing, Bearden and his wife testified about their lack of income and assets, and Bearden's repeated efforts to obtain work. However, the trial court revoked his probation.
We find this case distinguishable from Bearden. In this case, appellant admitted to violating rule twelve of his probation conditions. Appellant, who was represented by counsel, did not present any evidence nor did he assert, either at the probation revocation hearing in October 2000 or the disposition hearing in November 2000, that he did not possess the ability to pay the fines and restitution.
Thus, under the facts of this case, we find that appellant's unequivocal admission of a probation violation, along with his failure to assert an inability to pay at either of two hearings, constitute evidence that his failure to pay was willful. The record supports a finding that appellant "willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay." Bearden,461 U.S. at 672, 103 S.Ct. at 2073. Therefore, the trial court did not abuse its discretion by revoking appellant's probation on the basis that he violated rule twelve.
Accordingly, appellant's second assignment of error is overruled. Because the trial court can validly revoke probation for any violation of a probation condition, the trial court's decision revoking appellant's probation is affirmed.
WALSH, P.J., and YOUNG, J., concur.