OPINION
{¶ 1} Defendant-appellant, Thomas Wetta, appeals from a Hamilton Municipal Court bench trial finding him guilty of driving under the influence of alcohol. We affirm the trial court's decision.
 {¶ 2} On October 1, 2000, while driving his van in the city of Hamilton, appellant turned northbound onto Shuler Avenue. He proceeded towards the intersection of Shuler and Hancock Avenues. A sports car was stopped at the corner attempting to make a left turn. Appellant did not stop and hit the left rear of the sports car and proceeded across the intersection without slowing down. His van stopped upon hitting a retaining wall on the north side of Hancock Avenue. The impact of the collision pushed the sports car into Hancock Avenue. According to eyewitness testimony, no one heard appellant apply the brakes of his van. The officers who later came to the scene saw no sign of tire marks on the road either.
 {¶ 3} A bystander, Susan Ragan, went over to the van and observed appellant "hanging over the steering wheel," unresponsive to another witness' inquiry as to if he was okay. She noted that appellant was "swelling and bleeding right at his nose." Susan also noticed that there was a "strong smell of alcohol" coming from the van and that a beer bottle rolled out from underneath the driver's seat of the van.
 {¶ 4} The city of Hamilton life squad arrived at the scene. One of the two paramedics, Timothy Harmon, remembered that the appellant had blood in his facial area, that he was sitting in the driver's seat and that there were containers in the van. He also noted that they prepared him for transport to the hospital.
 {¶ 5} The other paramedic, John Engle, upon arriving at the scene noticed that appellant was sitting behind the wheel. He and Harmon removed appellant from the van and placed him on a backboard and then in the back of the ambulance. Engle noted that appellant had a laceration over the bridge of his nose, a big hematoma over one of his eyebrows and that appellant complained of neck pain. Engle asked appellant what he had taken that day and appellant stated that he had been drinking beer. They checked appellant's vital signs, noted that his pupils were dilated, and asked him easily answerable questions to determine how serious his head injury was, all of which he answered correctly. Appellant was not cooperative during the breathing exam. He would inhale and then refuse to exhale. Engle further noted that appellant had a strong smell of alcohol on his breath. Upon arriving at Mercy Hospital, Engle gave this information to the hospital emergency personnel.
 {¶ 6} Officers Patterson and Nichols of the Hamilton Police Department arrived at the scene. They saw the paramedics remove appellant from the van and put him in the ambulance. Upon examining the van, Officer Patterson saw several beer cans and bottles in the van, some of which were in little plastic console garbage bags. Neither officer administered a field sobriety test to appellant.
 {¶ 7} At the hospital, upon questioning by Officer Patterson, appellant admitted to having drank alcohol that day. Officer Patterson noted that appellant spoke with moderately slurred speech, smelled of alcohol when he was speaking, had bloodshot eyes and a flushed face. Further, appellant could not tell Officer Patterson how he was traveling before the accident.
 {¶ 8} Officer Patterson has taken training at the police academy on determining whether a person has consumed alcohol, and has had training in advance detection and apprehension of prosecution of persons under the influence of alcohol and/or drugs (ADAP). During his six years of service, Officer Patterson has come into contact with "hundreds" of individuals who were under the influence of alcohol. Using this training and knowledge, Officer Patterson opined at trial that appellant was under the influence of an alcoholic beverage.
 {¶ 9} Appellant was charged with driving under the influence of alcohol, failure to maintain an assured clear distance, failure to stop at a stop sign, failure to wear a seat belt and failure to have liability insurance. Appellant filed a motion in limine to prevent the admission of the testimony of the paramedics and emergency room nurses as to their observations, communications and opinions. The trial court granted the motion in part and overruled it in part, finding that the paramedics could testify, but that the emergency room nurses may not testify. Appellant was found guilty on all counts except failure to wear a seat belt and failure to have liability insurance. He appeals his driving under the influence of alcohol conviction raising three assignments of error.[1]
Assignment of Error No. 1:
 {¶ 10} The Trial Court Erred to the prejudice of defendant/appellant in not granting the motion in limine prior to trial, and after renewal of the motion during the trial.
 {¶ 11} Appellant claims that the paramedics' testimony should not have been admitted into evidence pursuant to his filing of a motion in limine prior to trial and again after renewal of the motion during the trial. Appellant maintains that the observations and communications of the paramedics were privileged communications and fall within the physician-patient privilege.
 {¶ 12} The admission or exclusion of evidence is within the discretion of the trial court. State v. Sage (1987),31 Ohio St.3d 173, paragraph two of the syllabus. An appellate court should not disturb the trial court's determination unless the trial court abused its discretion and the appellant has been materially prejudiced by that abuse. State v. Hymore (1967),9 Ohio St.2d 122, 128. Abuse of discretion means more than an error of law or judgment; instead, it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Rivera
(1994), 99 Ohio App.3d 325, 328. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Berk v. Mathews (1990),53 Ohio St.3d 161, 169.
 {¶ 13} Pursuant to R.C. 2317.02(B)(1), a physician may not testify as to "a communication made to him by a patient in that relation or the physician's advice to a patient." The Ohio Supreme Court has held that this statute must be strictly construed. Weis v. Weis (1947), 147 Ohio St. 416, paragraph four of the syllabus, discussing G.C. 11494 (predecessor section to R.C. 2317.02[B]). A paramedic is not included within the scope of the physician-patient privilege. R.C. 2317.02.
 {¶ 14} Appellant argues that his communication with the paramedic that he "had been drinking beer" was a privileged communication because the paramedic told this information to the emergency room personnel. R.C. 2317.02(B)(5)(a) defines communication broadly to cover the acquisition by the physician of any facts, opinions, or statements found in a hospital record necessary to enable a physician to diagnose, treat, prescribe, or act for a patient. Although the Ohio Supreme Court has not ruled that nurses' communications to doctors fall within physician-patient privilege, some appellate courts have found that when a doctor relies upon those notes for the diagnosis and treatment of the patient, they are communications within R.C.2317.02. See generally, State v. Kabeller (Dec. 20, 1990), Franklin App. No. 90AP-53; City of Cleveland v. Haffey (M.C. 1998), 94 Misc.2d 79; State v. Napier (Aug. 28, 1998), Hamilton App. No. C-970383. However, one court has ruled that the observation testimony of paramedics was permissible and not barred under physician-patient privilege as a privileged communication. State v. Walker, Stark App. No. 2000CA00155, 2001-Ohio-1968 (finding that the paramedics were in fact witnesses and so their observations of appellant and the accident scene were admissible).
 {¶ 15} Paramedics are not specifically listed in R.C.2317.02(B)(1) as covered by the physician-patient privilege. Only doctors and dentists are listed under this privilege. R.C.2317.02(B)(1). Ohio still holds that this statute must be strictly construed. Weis, 147 Ohio St. 416, at paragraph four of the syllabus. Although some courts have held that nurses' notes fall within the rubric of a protected communication if a doctor relies upon them in treatment of an individual, paramedics are not nurses or doctors. Paramedics provide emergency care and ready an individual for safe transport to a hospital to obtain a doctor's diagnosis and treatment. Nurses aid a doctor in assessing an individual when they enter the hospital for treatment. These two functions are different. For the foregoing reasons, we hold that information obtained by a paramedic when giving emergency care to an individual is not a privileged communication falling within the protection of the physician-patient privilege.
 {¶ 16} Nonetheless, the doctor did not rely on the paramedics' observations in making his diagnosis nor did the paramedics proffer any additional evidence than that already presented to the trial court. In the case sub judice, Harmon and Engle were called to the scene of the accident. They noted that the van had hit a retaining wall of a house and that appellant was in the driver's seat. Engle further stated that appellant had a laceration over his nose, a hematoma over one of his eyebrows and complained of neck pain. Appellant told Engle that he had been drinking beer. Engle explained that appellant was uncooperative during a breath sound examination where appellant would inhale but then refuse to exhale. Upon arriving at the hospital, Engle gave all of this information to the emergency room personnel.
 {¶ 17} We note that the emergency department report, admitted for the sole purpose of proving that the doctor relied upon the statement provided by the paramedics that appellant had drank earlier, showed the opposite. The report did contain the paramedic statement; however, the doctor stated that appellant smelled of alcohol, slurred his speech and was "obviously intoxicated." All the paramedics stated was that appellant admitted to having drank alcohol earlier. They noted nothing about appellant having slurred speech or appellant's breath smelling of alcohol. Thus, the doctor did not rely upon the paramedics' report that appellant stated he had been drinking earlier when treating appellant, but made his own independent observations and came to this determination on his own.
 {¶ 18} Furthermore, Engle's testimony did not provide any more evidence than that already presented to the court. A witness at the scene noted that there was a smell of an alcoholic beverage coming from appellant's van while he was in it. The same witness saw a beer can under the driver's seat of the van. Officer Patterson stated that appellant smelled of alcohol, admitted to drinking that day, slurred his speech and had a flushed face. He also stated that there were empty beer cans and bottles in appellant's van, some of which were in small console garbage bags. Finally, the trial court judge noted that Engle "did offer testimony that could have helped the Court, however, such was all surplus as to evidence also supplied by other witnesses."[2] Thus, Engle's testimony was unnecessary as there was enough evidence presented to find that appellant had been drinking around the time of the accident. For the foregoing reasons, appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 {¶ 19} The Trial Court erred to the prejudice of defendant/appellant in overruling the objection to the opinion testimony that he was under the influence of Alcohol.
 {¶ 20} Appellant maintains that Officer Patterson did not fully investigate whether appellant was intoxicated at the time of the accident. Further, appellant claims that Officer Patterson did not have enough information to testify that it was his opinion that appellant was under the influence of alcohol.
 {¶ 21} An appellate court reviews the decisions of the trial court concerning lay witness testimony for an abuse of discretion. Urbana ex rel. Newlin v. Downing (1989),43 Ohio St.3d 109, 113. The abuse of discretion must be such that it materially prejudiced the objecting party. State v. Brumback
(1996), 109 Ohio App.3d 65, 77. As mentioned, abuse of discretion means more than an error of law or judgment; instead, it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Riveria, 99 Ohio App.3d at 328.
 {¶ 22} We must determine whether Officer Patterson's testimony comported with the applicable rules of evidence in regard to a non-expert witness. Evidence Rule 701 states that:
 {¶ 23} If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (1) rationally based on the perception of the witness and (2) helpful to a clear understanding of his testimony or the determination of a fact in issue.
 {¶ 24} To satisfy the first requirement, it must be determined whether the opinion of the lay witness is what a rational person would form on the basis of the observed facts.State v. Kehoe (1999), 133 Ohio App.3d 591, 603. To satisfy the second requirement, the lay witness' opinion "must assist the trier of fact in understanding the testimony of the witness or in determining a fact in issue." Id. citing to State v. Sibert
(1994), 98 Ohio App.3d 412, 426. When based on personal observations, a lay witness may testify about another's emotional state, physical condition or sanity. Sibert at 426.
 {¶ 25} Upon arriving at the scene of the accident, Officer Patterson noted that there were no skid marks on the road that would suggest appellant attempted to apply his brakes. He also noted that there were many beer cans and bottles inside appellant's van. Upon questioning appellant at the hospital, appellant admitted to having drank alcohol that day and could not tell the officer how he was traveling before the accident. Officer Patterson further noted that appellant had moderately slurred speech, smelled of alcohol, had bloodshot eyes and a flushed face. Appellant refused Officer Patterson's request for a blood sample to perform a chemical test to determine whether appellant was under the influence of drugs or alcohol.
 {¶ 26} Furthermore, Officer Patterson testified that he had been a police officer for six years. He related that he received training on determining whether a person was under the influence of drugs or alcohol at the police academy as well as in an ADAP course. Finally, Officer Patterson stated that since he has been a police officer, he has come into "hundreds of contacts" and formed opinions on individuals in arrest situations or otherwise as to whether they were under the influence of alcohol and/or drugs. Based on the foregoing testimony and observations of Officer Patterson, we find that it was proper for the trial court to allow Officer Patterson's opinion testimony as to whether appellant was under the influence of alcohol into evidence. Appellant's second assignment of error is overruled.
Assignment of Error No. 3:
 {¶ 27} The Judgment of guilty of driving under the Influence is contrary to law and against the manifest weight of the Evidence.
 {¶ 28} Appellant maintains that if we find that either the paramedic testimony or Officer Patterson's opinion testimony was admitted into evidence in error, then there was insufficient evidence as a matter of law to uphold appellant's conviction for driving under the influence of alcohol. He further maintains that there is not "substantial evidence" that would allow the trial court to conclude that all the elements of driving under intoxication have been proven beyond a reasonable doubt.
 {¶ 29} We note that appellant's assignment of error commingles the concepts of weight of evidence and sufficiency of evidence. The legal concepts of sufficiency of evidence and weight of the evidence are not synonymous. State v. Thompkins,78 Ohio St.3d 380, 386, 1997-Ohio-52. The terms are both quantitatively and qualitatively different. Id. at paragraph two of the syllabus. Weight of the evidence concerns the inclination of the greater amount of credible evidence, offered in trial to support one side of the issue rather than the other. Id. at 387. Sufficiency is a term of art that tests whether, as a matter of law, the evidence presented at trial is legally sufficient to sustain a verdict. Id. at 386.
 {¶ 30} Appellant gives no supporting legal authorities to support either a claim of sufficiency of the evidence or manifest weight of the evidence. According to App.R.12(A)(2):
 {¶ 31} The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment of error separately in the brief as required under App.R. 16(A).
 {¶ 32} See, also, State v. Watson (1998),126 Ohio App.3d 316, 321.
 {¶ 33} App.R. 16(A)(7) requires an appellant's brief to contain the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. Appellant's brief fails to meet these requirements.
 {¶ 34} Therefore, we will not do an exhaustive analysis with regard to this assignment of error. However, after completing a thorough review of the record we do note that the evidence in this case is legally sufficient to sustain appellant's conviction and that the weight of the evidence in this case is also sufficient to sustain appellant's conviction. Based on the foregoing, the assignment of error is overruled.
Judgment affirmed.
Young, J., concurs.
Valen, J., concurs separately.
[1] Appellant made no appeal from the convictions of failure to maintain an assured clear distance and failure to stop at a stop sign.
[2] The trial court did note that Engle was the only witness to state that appellant's pupils were dilated. The trial court explained that "[t]here was no evidence, however, explaining the significance of dilated pupils. This evidence was, therefore, not considered by the Court in arriving at its decision."