OPINION
{¶ 1} Defendant-appellant Charles Mooney appeals from the March 31, 2003, Judgment Entry of the Stark County Court of Common Pleas revoking his community control and sentencing him to thirteen months in prison. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On October 21, 2002, the Stark County Grand Jury indicted appellant on one count of dog fighting in violation of R.C. 959.16(1) and/or (3) and/or (5), a felony of the fourth degree. At his arraignment on October 25, 2002, appellant entered a plea of not guilty to the charge.
 {¶ 3} Subsequently, on November 26, 2002, appellant withdrew his not guilty plea and pled guilty to the charge contained in the indictment. As memorialized in a Judgment Entry filed on December 3, 2002, appellant was sentenced to thirteen months in prison. On February 5, 2003, appellant filed a Motion for Judicial Release. Following a hearing held on March 17, 2003, appellant's motion was granted and appellant was placed on community control for a period of three years. Pursuant to a Judgment Entry filed on March 20, 2003, appellant's judicial release included the following terms and conditions:
 {¶ 4} "1. The defendant shall not violate any federal, state, or local laws. The defendant must notify the Probation Officer or Probation Department on the next business day after being arrested, summoned or cited for any law violation, or questioned by a law enforcement officer.
 {¶ 5} "11. The defendant must follow the instructions of the Probation Officer and must comply with all special conditions of probation."
 In addition, as a special condition of community control, appellant was required, in paragraph 12A. of the Judgment Entry, to comply with the Intensive Supervision Probation (ISP) Program as directed by his probation officer. House arrest was a condition of the ISP Program.
 {¶ 6} Thereafter, on March 25, 2003, a Motion to Revoke Probation was filed by appellant's probation officer, Dennis Williams. Williams, in such motion, alleged as follows:
 {¶ 7} "The defendant has violated Rule #1 of his/her probation by violating either federal, state, or local laws and/or by failing to notify the Probation Officer or Probation Department on the next business day after being arrested, summoned, or cited for any law violation, or questioned by a law enforcement officer. Defendant was arrested 3-24-03 on new charge of Domestic Violence, Canton Municipal Court Case No. 2003 CRB 01075.
 {¶ 8} "The defendant has violated Rule #12 of his probation by failing to comply with the Intensive Supervision Probation Program. Defendant failed to comply with house arrest."
 {¶ 9} A probable cause hearing on such motion was scheduled for March 28, 2003. However, after appellant stipulated to probable cause, the probable cause hearing was waived and an evidentiary hearing was held on March 31, 2003.
 {¶ 10} At the hearing on March 31, 2003, Dennis Williams testified that he picked appellant up at the Stark County Jail on March 18, 2003, after appellant was granted judicial release and that he told appellant that he would be on house arrest "that day or the next day and to come see me Friday, March 21, and I would go over all the rules with him." Transcript at 4-5. Williams then turned appellant over to his fiancé. After appellant appeared on March 21, 2002, Williams went over all of the rules with appellant and appellant signed a copy of the same. Appellant, according to Williams, had been hooked up for house arrest by being placed on electronic monitoring on March 19, 2002.
 {¶ 11} On March 25, 2003, Williams, after reviewing the Canton Municipal Court docket, discovered that appellant had been arrested on March 24, 2003, for domestic violence. According to police reports, appellant had an argument with his fiancé and punched her in the mouth, busting her lip. After his fiancé ran out of the house to a pay phone, appellant drove up to the phone, grabbed her, threw her into the car and took her to the hospital. Appellant was then arrested at the hospital. Williams, at the hearing, also testified that after verifying print-outs for people on house arrest, he was able to determine that appellant "was in and out quite a lot" the evening of March 24, 2003, and that "at 11:16 p.m. he went out and never returned." Transcript at 7. Williams testified that appellant never told him that he was going to look for a job at 6:00 in the evening or that someone was ill in his family or that there was an emergency. Although, as a condition of his community control, appellant was required to notify his probation officer the next business day after being arrested, appellant did not contact Williams until March 27, 2003.
 {¶ 12} At the conclusion of the hearing, the trial court stated in part, as follows:
 {¶ 13} "I find based upon the facts of this case, based upon the violent nature of the situation you moved into, your failure to stand up and remedy the situation after having been spoken to by Probation Officer Williams on the first domestic violence[1], your utter disregard that night for the house arrest, uh, is then — and the fact that it's only seven days after I brought you back from the institution I find that the Court must establish some type of control, just establish some type of precedent with other people and I cannot allow you to be given a second chance that soon after being released.
 {¶ 14} "For those reasons the Court finds that the violations of Count 12 is significant enough to revoke your probation and I'm going to do so." Transcript at 30.
 {¶ 15} As memorialized in a Judgment Entry filed on March 31, 2003, the trial court revoked appellant's community control and reimposed the original thirteen month sentence.
 {¶ 16} It is from the trial court's March 31 2003, Judgment Entry that appellant now appeals, raising the following assignment of error:
 {¶ 17} "THE TRIAL COURT ERRED WHEN IT REVOKED APPELLANT'S COMMUNITY CONROL BECAUSE APPELLANT WAS DENIED HIS RIGHT TO CONFRONTATION AND THE HOUSE ARREST VIOLATIONS, IF ANY, WERE DE MINIMIS."
 {¶ 18} This case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
 {¶ 19} "(E) Determination and judgment on appeal.
 {¶ 20} "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
 {¶ 21} "The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 22} This appeal shall be considered in accordance with the aforementioned rule.
 I {¶ 23} Appellant, in his sole assignment of error, argues that the trial court erred in revoking appellant's community control. Appellant specifically contends that he was denied the right to confront his accuser since the alleged victim of domestic violence, who was appellant's fiancé, did not appear at the March 31, 2003, hearing, and that inadmissible hearsay was admitted to corroborate appellant's probation officer's motion for revocation of community control. Appellant further asserts that any house arrest violations were "minimal and did not justify revocation."[2]
 {¶ 24} The decision whether to revoke an offender's probation or community control sanction is left to the sound discretion of the trial court, and absent an abuse of that discretion, the decision of the trial court will not be reversed. State v. McKnight (1983), 10 Ohio App.3d 312,313, 462 N.E.2d 441. The term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Rivera (1994),99 Ohio App.3d 325, 328, 650 N.E.2d 906. Because a revocation hearing is not a criminal trial, the State only has to introduce evidence showing that it was more probable than not that the person on probation or community control violated the terms or conditions of the same. See Statev. Stockdale (Sept. 26, 1997), Lake App. No. 96-L-172.
 {¶ 25} As is stated above, appellant contends that he was denied his right to confront his accuser since the alleged domestic violence victim did not appear at the revocation hearing and that, "the only testimony presented was by the probation officer who had no first hand knowledge of the facts of the domestic violence allegations or charges beyond inadmissible hearsay." We disagree.
 {¶ 26} The rules of evidence, including hearsay rules, are expressly inapplicable to a revocation hearing. Evid.R. 101(C)(3). The rationale for this exception is that a trial court should be able to consider any reliable and relevant evidence indicating whether the probationer has violated the terms of probation since a probation or community control revocation hearing is an informal proceeding, not a criminal trial. Columbus v. Bickel (1991), 77 Ohio App.3d 26, 36,601 N.E.2d 61, citing State v. Miller (1975), 42 Ohio St.2d 102, 106,326 N.E.2d 259.
 {¶ 27} However, in Gagnon v. Scarpelli (1973), 411 U.S. 778, 786,93 S.Ct. 1756, the United States Supreme Court held that the due process requirements of Morrissey v. Brewer (1972), 408 U.S. 471, 92 S.Ct. 2593, with regard to parole violation hearings, were applicable to probation revocation proceedings. The minimal due process requirements for final revocation hearings include:
 {¶ 28} "'(a) written notice of the claimed violations of (probation or) parole; (b) **disclosure to the (probationer or) parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a `neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking (probation or) parole.'" Id., citing Morrissey v. Brewer, supra, at 489.
 {¶ 29} The Court in Columbus v. Lacy (1988), 46 Ohio App.3d 161,546 N.E.2d 161, held that, at a probation revocation hearing, due process required the direct testimony of the probation officer who prepared the statement of probation violation, unless the record showed good cause for the officer's absence from the hearing.
 {¶ 30} In the case sub judice, Dennis Williams, appellant's ISP probation officer, testified at the community control revocation hearing. As noted by appellee, it was Williams who filed the motion requesting that appellant's community control be revoked and who was directly involved in informing appellant of the terms and conditions of his community control. Williams, who was the sole witness at the March 31, 2003, hearing, testified that appellant had been arrested for domestic violence on March 24, 2002, and described the nature of the charges. Williams was available for and, in fact, was subject to cross-examination by appellant. In State v. Blakeman (May 3, 2002), Montgomery App. No. 18983, the court noted that the right of confrontation and cross-examination "is available for exercise only when adverse witnesses testify, " However, appellant's fiancé did not testify at the hearing. We find, therefore, that appellant's right to confrontation was not violated.
 {¶ 31} Moreover, as noted by appellee, appellant's failure to comply with house arrest was, by itself, sufficient justification for the trial court to revoke appellant's community control. While appellant argues that the trial court should not have revoked his community control because "the house arrest violations, if any, were de minimis", we note that appellant was given a chance by the trial court. The trial court, at the March 31, 2003, hearing, noted that given the "cruelty and inhumanity" that was exhibited with respect to the dog fighting, it was "going out on a limb" by placing appellant on community control. Transcript at 25. However, less than a week after his release from jail, appellant violated the terms of his house arrest. It is significant to note that the trial court, based on what it characterized as appellant's "utter disregard" for house arrest, stated on the record that it found "that the violations of Count 12 is [sic] significant enough to revoke your probation." Transcript at 30.
 {¶ 32} Appellant's sole assignment of error is, therefore, overruled.
 {¶ 33} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.
By: Edwards, J., Hoffman, P.J., and Boggins, J. concur.
[1] Appellant's fiancé had been charged with domestic violence on March 18, 2003.
[2] Appellant concedes that the fact that he was only charged with domestic violence and not yet convicted did not preclude the trial court from finding that he had violated the terms of his community control.